**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHRISTOPHER L. GEE, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SERGEANT TODD HUNTER, et al., )<br>)<br>Defendants. ) | No. 1:08-cv-1277-DFH-TAB |

**Entry Discussing Complaint and Directing Further Proceedings**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. Plaintiff Christopher L. Gee's motion for leave to proceed *in forma pauperis* (dkt 2) is **granted**. No assessment of even an initial partial filing fee is feasible at this point.

2. The plaintiff's request to be supplied with a copy of the docket sheet (dkt 7) is **granted.** The clerk shall include a copy of the requested document with the plaintiff's copy of this Entry.

3. Gee's complaint alleges that while he was confined at Plainfield Correctional Facility, a prison operated by the State of Indiana in this district, defendants Sgt. Hunter, Officer Vestal, Officer Duncan and Officer Lawrence were deliberately indifferent to his health and safety when they failed to protect him from assault by two inmates. The federal claims are asserted pursuant to 42 U.S.C. § 1983, while the pendent claims are asserted under Indiana state law.

4. Because Gee is a prisoner, the complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To state a claim upon which relief can be granted,

"[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Further, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

      5.      Applying the standard identified in paragraph 3 of this Entry to the complaint requires that some claims be dismissed as legally insufficient, while other claims will proceed.

      a.      Claims against the Plainfield Correctional Facility and the Indiana Department of Correction are dismissed because states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983 under the circumstances alleged in Gee's complaint and because these defendants are not subject to suit in this case based on Indiana's Eleventh Amendment immunity. These principles also compel the dismissal of § 1983 claims for damages against the defendants in their official capacity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

      b.      Claims against Superintendent Wendy Knight and Commissioner Edward Buss **must be dismissed** for failure to state a claim upon which relief may be granted because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). To the extent these defendants are included as defendants because of their supervisory positions, these positions alone are not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

      c.      Other claims, yet to be specified, may also be subject to dismissal under § 1915A. The parties will be notified when determinations of this nature are made.

      6.      No partial final judgment shall issue at this time as to the claims resolved in this Entry.

7.      The action shall proceed as to the claims not dismissed as legally insufficient in this Entry. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the named defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, this Entry, and applicable forms.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   1/8/2009


Distribution:

Sgt. Todd Hunter
Officer Vestal
Officer John Lawrence
Officer Jason Duncan

All at:
Plainfield Correctional Facility
727 Moon Road
Plainfield, Indiana 46168

Christopher L. Gee
DOC # 955132
New Castle Correctional Facility
P.O. Box A
New Castle, IN 47362

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**