**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


CHRISTOPHER L. GEE,     )
     )
     Plaintiff,     )
     vs.     )     No. 1:08-cv-1277-WTL-TAB
     )
SERGEANT TODD HUNTER, et al.,     )
     )
     Defendants.     )


### Entry Discussing Motion for Summary Judgment

This is a prisoner's civil rights action in which Christopher Gee alleges that while he was confined at Plainfield Correctional Facility ("PCF") defendants Sergeant Hunter, Officer Vestal, Officer Duncan and Officer Lawrence were deliberately indifferent to his health and safety when they failed to protect him from assault by two other inmates. He asserts federal claims pursuant to 42 U.S.C. § 1983 and pendent claims under Indiana state law. Defendants Hunter and Lawrence seek resolution of Gee's claims through the entry of summary judgment.

Whereupon the court, having examined the pleadings, the motion for summary judgment and all materials pertaining to such motion, and being duly advised, finds that the motion for summary judgment must be denied as to the federal claim asserted by Gee and granted as to the claim under Indiana state law. This conclusion is based on the following facts and circumstances:

1.     Summary judgment is warranted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. Rule 56(c). A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

2.      The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Gee as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).[1]

a.      At the time of the assault Gee alleges, he was confined at the PCF, Todd Hunter was employed as a Correctional Sergeant and John Lawrence was employed as a Correctional Officer. As a Correctional Sergeant, it was part of Hunter's duties to maintain order and security, monitor and supervise offenders, and respond to and investigate offender complaints. As a Correctional Officer, it was among Lawrence's duties to maintain order and security and to monitor and supervise offenders.

b.      On May 5, 2008, Gee approached Hunter and Lawrence, stating that he had been attacked by two other inmates. Gee requested assistance. According to Gee, Hunter and Lawrence ignored his request and instructed him to return to his dorm, where he was assaulted again.

c.      When Gee informed Hunter and Lawrence of this second assault, Hunter took Gee to the office of the Officer in Charge and questioned Gee regarding the attack. Hunter then contacted the Shift Supervisor and placed Gee in segregation, as the Shift Supervisor had instructed. Hunter and Lawrence state that while they were familiar with Gee prior to the events of May 5, 2008, neither was aware of any facts indicating that Gee was in particular danger from anyone or that violence was pervasive in Gee's Dorm. Both state that they did not believe that Gee faced a substantial threat of serious harm from anyone.

d.      Thus, Gee was assaulted in his dorm at the PCF a short while after having been sent there by the defendants after informing the defendants that he had just been assaulted.

3.      Hunter and Lawrence have moved for summary judgment on Gee's claims. With respect to Gee's Eighth Amendment claim for failure to protect, they argue that they were not deliberately indifferent to Gee's safety and that they are entitled to qualified immunity for their actions.[2] As for Gee's state law claims, they argue that they are immune from liability pursuant to the Indiana Tort Claims Act.

---

[1]Hunter and Lawrence object to the admissibility of certain testimony offered through the affidavits of inmates who witnessed these events, arguing that the testimony is inadmissible hearsay. However, much of the testimony to which Hunter and Lawrence object is not offered for the truth of the matter asserted or falls under the excited utterance exception of Rule 803(2) of the *Federal Rules of Evidence.* In addition, much the evidence to which Hunter and Lawrence object is similar to other evidence to which Hunter and Lawrence do not object.

[2]Because the parties agree that Gee has not alleged deliberate indifference to his serious medical needs, the court will not address any such claim.

4.      Gee's first claim is that Hunter and Lawrence should be held liable for failure to protect him from the assault he suffered at the hands of other inmates.

a.      "Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Qunones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). But prison officials are not liable for every attack on an inmate by another inmate. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). Thus, to establish an Eighth Amendment failure to protect claim, a plaintiff must show that a prison official was deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 844; *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). To prove such deliberate indifference, Gee will have to show that Hunter and Lawrence were subjectively aware of the risk to him, yet failed to take reasonable measures to prevent it. *See Farmer*, 511 U.S. at 844. "Knowledge of a risk can be shown if an official was exposed to information from which the inference could be drawn that a substantial risk exists, and he or she also draws the inference." *Pierson,* 391 F.3d at 902; *see also Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002).

b.      Hunter and Lawrence assert that they were unaware of any risk of harm to Gee and they are therefore entitled to summary judgment on Gee's failure to protect claim. But a review of the record in the light most favorable to Gee as the nonmovant, reveals a genuine issue of material fact as to whether Hunter and Lawrence were deliberately indifferent. This issue of fact stems from the parties' disagreement regarding the number of requests that Gee made for help and the timing of those requests. For their part, Hunter and Lawrence assert that they were informed of a risk to Gee only after the attack he now complains of. They assert that they responded appropriately by escorting him to obtain medical assistance and placing him in segregation. Gee tells a different story, asserting that he was assaulted not once, but twice. According to Gee, he requested assistance after the first assault, the defendants ignored him, and he was then assaulted a second time. Gee explains that Hunter and Lawrence took measures to ensure his safety only after the second assault. Based on this dispute of fact and considering the evidence in the light most favorable to Gee, the motion for summary judgment must be **denied** as to Gee's Eighth Amendment claim.

5.      Hunter and Lawrence also argue that they are entitled to qualified immunity from Gee's claims. "Qualified immunity shields public officials from liability when they act in a manner that they reasonably belief to be lawful." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). When analyzing an assertion of qualified immunity, the court considers two questions (1) whether the facts, taken in the light most favorable to the plaintiffs, show that the defendants violated a constitutional right and (2) whether that right was clearly established. *Pearson v. Callahan,* 129 S. Ct. 808, 815-16 (2009). A court may consider these issues in whatever order is suited to the case at hand. *Id.* at 818. As already discussed, prisoners have a constitutional right to protection from violence at the hands of fellow prisoners when officials are aware of a risk to them. There is a dispute of fact as to whether or not Hunter and Lawrence violated this right here. Accordingly, their motion for summary judgment asserting qualified immunity must also be **denied.** *See Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009) ("When the qualified immunity inquiry cannot be disentangled from disputed facts, the issue cannot be resolved without a trial.").

6.      Hunter and Lawrence also argue that they are immune from personal liability for Gee's claims pursuant to the Indiana Tort Claims Act because they were acting within the scope of their employment.

a.      Conduct is within the scope of a person's employment when it is "'of the same general nature as that authorized, or incidental to the conduct authorized.'" *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) (quoting *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000)). An act is incidental to authorized conduct when it "is subordinate to or pertinent to an act which the servant is employed to perform." *Id.* Generally, whether the tortious act of an employee is within the scope of employment is a question of fact. *Bushong*, 790 N.E.2d at 473. However, under certain circumstances the question may be determined as a matter of law. *Id.*

b.      In this case, at the time of the events Gee alleges, Hunter and Lawrence were engaged in their duties as employees at the PCF. They were performing acts incidental to their duties to maintain order and security, monitor and supervise offenders, and respond to and investigate offender complaints. Accordingly, Hunter and Lawrence are shielded from Gee's state law claims by operation of the Indiana Tort Claims Act and their motion for summary judgment on Gee's state law claims is **granted**.

7.      The motion for summary judgment filed by Hunter and Lawrence is **denied** with respect to Gee's Eighth Amendment failure to protect claim and **granted** with respect to Gee's state law claims. No partial final judgment shall issue as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date:  02/19/2010

*William T. Lawrence*

Distribution:                                          Hon. William T. Lawrence, Judge
                                                        United States District Court
Christopher L. Gee                                      Southern District of Indiana
DOC # 955132
New Castle Correctional Facility
P.O. Box A
New Castle, IN 47362

Akia Haynes
akia.haynes@atg.in.gov

Cory Christian Voight
cory.voight@atg.in.gov